STATE OF NORTH CAROLINA, EX REL COMMISSIONER OF INSURANCE v. MOTORS INSURANCE CORPORATION AND CIM INSURANCE CORPORATION

No. 78

(Filed 7 February 1978)

**Appeal and Error § 9; Insurance § 79.1— appeal from collision insurance order— mootness**

An appeal from a 1975 order of the Commissioner of Insurance revising automobile collision insurance rates is dismissed as moot where the order never became effective because of pending appeals; the order was vacated by the Supreme Court; new statutes regulating automobile insurance rate making were enacted in 1977; and the Commissioner of Insurance has entered a comprehensive order approving new automobile liability and collision rates in a new proceeding under the 1977 statutes.

ON defendants' petition for further review of an unpublished decision of the North Carolina Court of Appeals filed 18 August 1976. This case was argued as No. 12, Spring Term 1977.

*Hunter & Wharton, by John V. Hunter III, Attorneys for Plaintiff Appellee.*

*Smith, Anderson, Blount & Mitchell, by H. A. Mitchell, Jr., and M. E. Weddington, Attorneys for Defendant Appellants.*

*PER CURIAM.* Defendants were in 1975 writers of automobile physical damage insurance but not automobile liability insurance; consequently they were members of the North Carolina Fire Insurance Rating Bureau (hereinafter "Rating Bureau") but not the North Carolina Automobile Rate Administrative Office (hereinafter "Rate Office") as these organizations then existed. Compare Art. 13, Ch. 58, with Art. 25, Ch. 58, in bound Vol. 2B of the General Statutes. On 26 August 1975 the Insurance Commissioner entered two orders purporting to revise, respectively, automobile liability and automobile physical damage insurance rates pursuant to Ch. 666, 1975 Session Laws, codified as General Statutes 58-30.3 and 58-30.4 (hereinafter House Bill 28). The proceedings leading to and the orders themselves are fully discussed in *Comr. of Insurance v. Automobile Rate Office,* 293 N.C. 365, 239 S.E. 2d 48 (1977), *rehearing denied* 24 January 1978.

On defendants' appeal to the Court of Appeals they challenged the Commissioner's order in these 1975 proceedings

dealing with automobile physical damage insurance (hereinafter "Collision Insurance Order") on the ground that House Bill 28 and consequently the Collision Insurance Order had no application to them; and if they did have, House Bill 28 was unconstitutional as applied and the Collision Insurance Order a nullity vis-a-vis these defendants. Their position was that, as members only of the Rating Bureau, they had neither notice nor opportunity to be heard in the proceedings leading to the challenged order. The Court of Appeals remanded the matter to the Commissioner for further proceedings.

The Collision Insurance Order, because of pending appeals therefrom, has never become operative. In the case last cited we determined to vacate this order. Additionally, as we pointed out in that case, the 1977 General Assembly enacted new and comprehensive legislation for the purpose of regulating insurance rate making. Enacted as Ch. 828, 1977 Session Laws, and codified in General Statutes, Ch. 58, 1977 Cum. Supp., this legislation repealed Article 13 and Article 25 of Chapter 58 as they then existed, abolished both the Rating Bureau and the Rate Office as they then existed, transferred their functions to a new organization denominated the "North Carolina Rate Bureau," amended House Bill 28 as it was enacted in 1975, and established, generally, new insurance rate making procedures. New procedures involving both automobile liability and automobile collision insurance have already taken place under these new statutes and the Insurance Commissioner on 10 November 1977 entered a comprehensive order approving new liability and collision rates. *See Comr. of Insurance v. Automobile Rate Office, supra; Comr. of Insurance v. Automobile Rate Office*, No. 88, Fall Term 1978, filed 24 January 1977, 294 N.C. 60, 241 S.E. 2d 324 (1978).

Under these circumstances the questions raised on this appeal are now moot and the appeal should be dismissed. The opinion of the Court of Appeals is vacated. *Utilities Comm. v. Southern Bell Telephone Co.*, 289 N.C. 286, 221 S.E. 2d 322 (1976).

Appeal dismissed. Court of Appeals' decision vacated.